IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TANGEE RENEE LAZARUS, #A1048661, | CIV. NO. 11-00567 SOM-KSC |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| vs. | |
| MARK PATTERSON, | |
| Defendant. | |

## ORDER DISMISSING COMPLAINT

Before the court is *pro se* Plaintiff Tangee Renee Lazarus's prisoner civil rights complaint.[1]  Lazarus is incarcerated at the Women's Community Correctional Center ("WCCC").  Lazarus names WCCC Warden Mark Patterson in his individual and official capacities, alleging that, in violation of the Eighth Amendment, Patterson failed to protect her from being assaulted by another inmate.

The Complaint is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). Lazarus is granted leave to amend the Complaint, if possible, to cure the deficiencies detailed below.

### I. LAZURUS'S CLAIMS

Lazarus states that, on March 22, 2011, inmate Wendyann Canon assaulted her in the WCCC Ahiki B housing unit.  Lazarus

---

[1] Lazarus is proceeding *in forma pauperis*.  *See* ECF #[9].

was taken to the WCCC medical unit and treated for her injuries. Following an investigation, Canon was found guilty of fighting, and Lazarus was cleared of any wrongdoing. Lazarus filed a grievance, claiming that the staff at WCCC was responsible for the assault because staff had not ensured that security cameras in the Ahiki B housing unit were operative. Lazarus's grievances were denied. Lazarus now asserts that, as the WCCC Warden, Patterson is liable for her injuries, having allegedly exhibited deliberate indifference to her safety by failing to maintain and repair the security cameras.

## II. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.  Failure to Protect**

Prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official's failure to protect an inmate from attack by another inmate violates the Eighth Amendment when two requirements are met: (1) objectively, the deprivation alleged must be sufficiently serious, *see id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); and (2) subjectively, the prison official must possess a sufficiently

culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson*, 501 U.S. at 297).

Lazarus's claims are sufficient to support the objective component, that is, her injuries as alleged are sufficiently serious. *See id.* at 834 (citing *Wilson*, 501 U.S. at 298). The subjective component, however, requires a showing of "deliberate indifference," and the facts as alleged here fall short of this standard. *See id.; see also Wilson*, 501 U.S. at 302-03 (regarding general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (regarding inmate health); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (regarding lack of outdoor exercise).

A prison official cannot be held liable under the Eighth Amendment for failing to guarantee the safety of a prisoner unless the standard for criminal recklessness is met, *i.e.*, the official must know of and disregard an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See id.* Deliberate indifference describes a state of mind more blameworthy than negligence. *Id.*, 511 U.S. at 835 (citing *Estelle*, 429 U.S. at 104). Neither negligence nor gross negligence constitutes deliberate indifference. *See Farmer*, 511 U.S. at 835-36 & n.4; *see also*

*Estelle*, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence).

To be held liable for failure to prevent Lazarus from being assaulted, Patterson must have known of and consciously disregarded an excessive risk to Lazarus's safety. *See Farmer*, 511 U.S. at 837. The facts as alleged do not support this conclusion. Lazarus simply complains that, because the security cameras were not working, prison guards did not see Canon attack her, and Warden Patterson is therefore responsible. Lazarus fails to allege facts showing that Patterson or anyone at the prison had the required culpable state of mind.

Thus, for example, Lazarus does not claim that she alerted prison officials to her fear of an assault, or that Patterson was or should have been aware that such an assault was *likely*, not simply an abstract possibility, and was deliberately indifferent to that likelihood. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 ("W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'") (quoting *Twombly*, 550 U.S. at 556); *see also* Fed. R. Civ. P. 8(a)(2).

At most, Lazarus suggests that Patterson must have been aware of the *likelihood* of inmate-upon-inmate attacks because security cameras were installed in the WCCC housing area. Lazarus claims that this shows that prison officials were aware that assaults might occur in the prison. While prison officials may have installed cameras at WCCC to monitor and possibly prevent inmate-on-inmate assaults, the cameras might have been installed to monitor other prohibited activities or for the protection of prison officials rather than of inmates. Moreover, even if the cameras were intended to prevent inmates from being assaulted, allowing those cameras to fall into disrepair does not by itself equate to knowledge of and disregard for an excessive risk to inmate health or safety. While allowing the disrepair may have been negligent, it is not necessarily the result of deliberate indifference by Patterson to Lazarus's or other inmates' safety. Lazarus's Eighth Amendment claim that Patterson failed to protect her from assault fails to state a claim and is DISMISSED.

**B.   Unfavorable Response to Grievance**

Liberally read, Lazarus's claims against Warden Patterson may also be based on his rejection of her grievance, and on his alleged statement that "[n]ot engaging in verbal confrontation is another way of preventing assaults from occurring. This method is more effective than video monitoring

cameras." Compl., ECF No. 1 at 6-7. Patterson's alleged statements and rejection of Lazarus's grievance do not indicate that he failed to protect her or violated her federal rights.

> Responding (or failing to respond) to a prisoner's grievance in a manner [dis]agreeable to the prisoner is not an adverse action taken against the prisoner for filing the grievance. If it were, every time a prisoner disagreed with a Defendant's legitimate response to a grievance, it could result in a sustainable claim of retaliation. . . . Defendants' responses were a part of the exercise of [Lazarus's] First Amendment rights.

*McCabe v. McComber*, No. 08-00112 JMS, 2008 WL 4133186 *9 (D. Haw. Sept. 8, 2008). Lazarus's claims against Patterson regarding his response to her grievance are DISMISSED for failure to state a claim.

**C.   Leave to Amend**

The Complaint is DISMISSED for failure to state a claim. Lazarus may file a proposed amended complaint on or before November 14, 2011. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in an amended complaint are deemed waived. *See King v.*

*Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore, as a general rule, an amended complaint supersedes the original complaint.  See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

### IV.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)  The Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)  Lazarus is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by November 14, 2011.  Failure to timely or properly amend the Complaint will result in dismissal of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Lazarus so that she may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 13, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Lazarus v. Patterson,* Civ. No. 11-005667 SOM-KSC, Order Dismissing Complaint; psa/Screening/dmp/ 2011/Lazarus 11-567 SOM (dsm ftsc lv amd)